```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTOPHER BROOKS, 218996,

                    Plaintiff,
                                                    ORDER
          -against-                         21-CV-4546(JS)(ARL)

SUFFOLK COUNTY FIRST PRECINCT,
ALEXANDER SEBA, Police Officer,
S. COREY, D/Sgt. #652, N/A Det
1642/310/tel, Q. ADAM #3418/1642,
and T. CFOR, P.O. #6708/1101,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Christopher Brooks, pro Se
                    218996
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York 11901

For Defendants:     No Appearances.
```

SEYBERT, District Judge:

On or around August 9, 2021, pro se plaintiff Christopher Brooks ("Plaintiff") commenced this action against the Suffolk County First Precinct ("First Precinct") and five Suffolk County law enforcement officers ("Officer Defendants"), while incarcerated by filing a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), along with an application to proceed in forma pauperis ("IFP") and a Prisoner Authorization form pursuant to the Prison Litigation Reform Act ("PLRA"). (Compl., ECF No. 2; IFP App., ECF No. 3; PLRA Form, ECF No. 4.) For the reasons that follow, Plaintiff's IFP application is GRANTED; however, his

1

claims against the First Precinct are DISMISSED WITH PREJUDICE and his claims against the Officers are DISMISSED WITHOUT PREJUDICE.

BACKGROUND

Plaintiff's Complaint is difficult to comprehend and decipher.[1] Using the Court's form complaint for Civil Rights actions under Section 1983, Plaintiff alleges that, on May 17, 2021 at 9:58 a.m.:

> I was arrested for criminal possession of stolen property in the fourth degree. I was denied medical attention/medication due to the factors of continuous bias & prejudice view of prisoner of color better yet African descent by S. Corey D/Sgt. #652 denied. Fellow colleagues as well. A. Seba Q. Adam 3418/624. Refuse Brooks, C. #218996 medical attention consistently of this hatred of abuse of authority position as usual of an individual of color that's not the same as there police officers so "NO" RETALIATION WHAT SO EVER. Justice finally from this Precinct "first & all other persons."

(Compl. ¶ II.) In the space on the form that calls for a description of his injuries and medical treatment, Plaintiff alleges:

> "I was denied" medical attention cruel & unusual punishment of color & continuous abuse of authority positions of these biases officers.

(Id. ¶ II.A.) For relief, Plaintiff requests that: "All subjects

---

[1] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

2

be terminated from Suffolk County Precincts also no where else for these subject's continuous abuse of authority, cruel & unusual punishment of people of color that not the same as these bias & prejudice officers $850,000." (Id. ¶ III.)

In addition, on August 30, 2021, Plaintiff filed a nine-page letter which the Court liberally construes as a supplement to the Complaint. (See Letter, ECF No. 7.) The letter contains a list titled "Excessive Force" which appears to name nineteen different court cases; however the list does not provide any case numbers, citations, or an explanation why this information was submitted. (Id. at 2-3.) Plaintiff has also included copies of his Notice of Claim to the Suffolk County Attorney as well as an August 17, 2021 letter by Deputy County Attorney Susan A. Flynn which apprises Plaintiff of purported deficiencies in his Notice of Claim. (Id. at 4-6.) Lastly, Plaintiff attached a letter dated August 25, 2021 that he wrote to Deputy County Attorney Flynn, in which he asked for guidance to correct his deficient Notice of Claim. (Id. at 7-8.)

## DISCUSSION

I. Plaintiff's *In Forma Pauperis* Application is Granted

The Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's IFP application is GRANTED.

II. <u>Legal Standards</u>

    A.   <u>Consideration of the Complaint Under 28 U.S.C. § 1915</u>

Section 1915 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii); 1915A(b). An action is frivolous as a matter of law when, <u>inter alia</u>, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." <u>Livingston v. Adirondack Beverage Co.</u>, 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted). The Court is required to dismiss the action as soon as it makes such a determination. <u>See</u> 28 U.S.C. § 1915A; <u>Avant v. Miranda</u>, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obligated to construe the pleadings of a <u>pro se</u> plaintiff liberally and to interpret them to raise the "strongest [claims] that they <u>suggest</u>." <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). "But the 'special solicitude' in <u>pro se</u> cases[] has its limits -- to state a claim, <u>pro se</u> pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is

4

Case 2:21-cv-04546-JS-ARL Document 8 Filed 11/04/21 Page 5 of 14 PageID #: 39

entitled to relief." Wynn v. Regus Mgmt. Grp. LLC, No. 21-CV-3503, 2021 WL 2018967, at *1 (S.D.N.Y. May 17, 2021) (quoting Triestman, 470 F.3d at 475).

   B.   Section 1983

   Section 1983 provides that:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rodriguez v. Shoprite Supermarket, No. 19-CV-6565, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020) (internal quotation marks and citation omitted).

III. Application of 28 U.S.C. § 1915

   A.   Claims Against the First Precinct

   The First Precinct is a non-suable entity "because it is an 'administrative arm,' which does 'not have a legal identity separate and apart from the municipality.'" Spagnuolo v. Suffolk Cnty., No. 12-CV-4327, 2017 WL 4326510, at *2 (E.D.N.Y. Sept. 28,

2017) (Seybert, J.)(quoting Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012)), aff'd sub nom. Spagnuolo v. Howell, 814 F. App'x 614 (2d Cir. 2020); see also Sturgis v. Suffolk Cnty. Jail, No. 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (sua sponte dismissing Section 1983 claims against the Suffolk County Police Department because it is an "administrative arm[] of the County of Suffolk . . . [and] lack[s] the capacity to be sued" (citing Carthew v. Cnty. of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010))). Therefore, Plaintiff's claims against the First Precinct are implausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A.

    B.    Claims Against Suffolk County

Given Plaintiff's pro se status, the Court construes the Complaint against Suffolk County (the "County"). It is well-established that a municipality, like the County, cannot be held liable under Section 1983 on a respondeat superior theory. Monell v. Dep't of Soc. Servs. of N.Y. City, 436 U.S. 658, 691 (1978); Agosto v. New York City Dep't of Educ., 982 F.3d 86, 98 (2d Cir. 2020) ("Monell expressly prohibits respondeat superior liability for municipalities" (citations omitted)). Rather, to state a claim against a municipality under Section 1983, "the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom." Tafolla v. Cnty. of Suffolk, No. 17-CV-4897, 2021 WL 3675042, at *10 (E.D.N.Y. Aug. 19, 2021)

6

(Seybert, J.) (quoting Littlejohn v. City of N.Y., 795 F.3d 297, 314 (2d Cir. 2015)).  To establish the existence of a municipal policy or custom, the plaintiff must allege:

> (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread as to practically have the force of law or that was so manifest as to imply the constructive acquiescence of senior policy-making officials; or (4) that a policymaking official exhibited deliberate indifference to constitutional deprivations caused by subordinates.

Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *3 (E.D.N.Y. May 18, 2021) (Seybert, J.) (cleaned up).

Here, when liberally construing the Complaint, there are no factual allegations that a municipal policy or custom existed which caused the alleged constitutional deprivations Plaintiff complains of.  (See generally Compl.)  Similarly, there are no allegations from which the Court could reasonably construe a plausible Section 1983 claim against the County.  Thus, to the extent Plaintiff asserts any Section 1983 claims against Suffolk County, those claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  Plaintiff is GRANTED leave to file an Amended Complaint to address the pleading defects identified herein regarding his claims against the County.

C. <u>Claims Against the Officer Defendants</u>

Although not readily discernible from the Complaint, the remaining Defendants, Alexander Seba, S. Corey, N/A Det 1642/310/tel, Q. Adam, and T. Cfor, all appear to be police officers, detectives, or sergeants at the First Precinct. To state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. <u>Farid v. Elle</u>, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in <u>Iqbal</u> that "[b]ecause vicarious liability is inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Iqbal</u>, 556 U.S. at 676 at 1948. A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. <u>Johnson v. Barney</u>, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, of the five officers Plaintiff named in the Complaint, Plaintiff's factual allegations only refer to three: S. Corey, A. Seba, and Q. Adam. (<u>See</u> Compl. II.) Construing the Complaint liberally, Plaintiff alleges in conclusory fashion that these three Defendants racially discriminated against him and denied him medical attention in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (<u>See</u> <u>id.</u>) The

8

Complaint is otherwise devoid of factual allegations or any personal involvement by the Officer Defendants. As such, Plaintiff's claims against the Officer Defendants "must be dismissed because Plaintiff does not allege any facts showing that anything that [they] personally did or failed to do violated Plaintiff's rights." Moultrie v. Wright, No. 21-CV-3925, 2021 WL 3372031, at *4 (S.D.N.Y. Aug. 3, 2021). Accordingly, Plaintiff's claims against the Officer Defendants are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b). Plaintiff is GRANTED leave to file an Amended Complaint to address the pleading deficiencies identified herein regarding his claims against the Officer Defendants.

IV. Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). "Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). However, the short and plain statement must be "sufficient to give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." Jones v. Nat'l Commc'ns & Surveillance Networks, 266 F. App'x 31, 32 (2d Cir. 2008) (internal quotation marks and citations omitted). Indeed, pleadings must give "'fair notice of what the plaintiff's

9

claim is and the grounds upon which it rests'" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 1643, 161 L. Ed. 2d 577 (2005) (quoting Conley v. Gibson, 335 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), overruled in part on other grounds by Twombly, 550 U.S. at 544)).

Under the now well-established Iqbal/Twombly standard, a complaint satisfies Rule 8 only if it contains enough allegations of fact to state a claim for relief that is "plausible on its face." Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678. This "plausibility standard" is governed by "[t]wo working principles." Iqbal, 556 U.S. at 670, 678; accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions; thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 (a pleading that offers "labels and conclusion" or "naked assertion[s]" devoid of "further factual enhancement" does not satisfy Rule 8). Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on

10

its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." Salahuddin, 861 F.2d at 42; see also Shomo v. State of N.Y., 374 F. App'x 180, 182 (2d Cir. 2010) (unpublished opinion) ("a court has the power to dismiss a complaint that . . . has a 'surfeit of detail'").

Here, as is readily apparent, Plaintiff's Complaint does not comport with the pleading requirements of Rule 8. The sparse Complaint is bereft of any facts to elaborate as to what happened on May 17, 2021, the date Plaintiff was allegedly denied medical attention. Plaintiff does not allege why he needed medical attention nor provide the Court with details concerning any acts or omissions by the Officer Defendants. Accordingly, Plaintiff's Complaint does not include "a short and plain statement of the claim showing that the pleader is entitled to relief" and is DISMISSED WIHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1) and Federal Rule of Civil Procedure 8.

11

V.     <u>Leave to Amend</u>

In light of Plaintiff's <u>pro</u> <u>se</u> status, **Plaintiff is GRANTED leave to file an amended complaint in accordance with Rule 8 and this Order within 45 days from the date of this Order**. In his Amended Complaint, Plaintiff may name individuals as "John Doe" or "Jane Doe" if he does not now know their identities. However, Plaintiff must include factual allegations relating to the acts or omissions of Defendants that give rise to his claims as well as descriptive information, such as when and where these acts or omissions occurred, for purposes of ascertaining the identities of the Defendants.  The Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear case number 21-CV-4546(JS)(ARL).  Further, because the Amended Complaint will completely replace the original Complaint, it must include all factual allegations and claims that Plaintiff seeks to pursue in this case.

**<u>Plaintiff is warned that</u> no extensions of this deadline will be granted absent extraordinary circumstances.  <u>Plaintiff is further cautioned that</u> if an amended complaint is not filed within 45 days from the date of this Order and/or fails to address the pleading deficiencies identified herein, the Court may dismiss this action with prejudice.**

CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's IFP application (ECF No. 3) is GRANTED; and

**IT IS FURTHER ORDERED** that Plaintiff's claims against the First Precinct are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b); and

**IT IS FURTHER ORDERED** that Plaintiff's claims against Suffolk County and the Officer Defendants are dismissed WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and

**IT IS FURTHER ORDERED** that Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT in accordance with the guidance set forth above within 45 days from the date of this Order. The Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear the same case number as identified in this Order, No. 21-CV-4546(JS)(ARL). Plaintiff is WARNED that if he does not file an Amended Complaint within 45 days from the date of this Order, judgment will enter and this case will be dismissed; and

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Order to the pro se Plaintiff at his address of record and include the notation "Legal Mail" on the envelope.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 4, 2021
       Central Islip, New York